STATE OF MAINE
SOMERSET, SS.

REC'D & FILED
Wendy M. Robinson

JUN 20 2002

Clerk of Courts
Somerset County

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO.:  CR-01-76

JMJ - SOM - 6/20/2002

STATE OF MAINE

V.

RAY TINGLEY

D E C I S I O N

DONALD L. GARBRECHT
LAW LIBRARY

JUN 26 2002

This matter comes before the court on Defendant's Motion to Suppress.  The defendant asserts that the police lacked probable cause to require him to submit to an intoxilyzer test.  Furthermore, the defendant asserts that the consent to search the defendant's motor vehicle given by the defendant's wife was not sufficient consent under the law.

David Sanders for the defendant and James Mitchell, Assistant District Attorney for the State of Maine.

## PROBABLE CAUSE

Defendant's Motion to Suppress based on lack of probable cause is DENIED based on the recent case State v. Forsyth, 2002 ME 75, 795 A.2d 66.  The facts in this case are sufficient to allow the police officer to require the defendant to undertake an intoxilyzer test.  The standard set out in the Forsyth case is very low and it was met in this case.  For this reason, the Defendant's Motion to Suppress as to the results of the intoxilyzer test are hereby DENIED.

## CONSENT BY WIFE

The court finds that there was insufficient evidence before it to satisfy the state's burden to prove that the permission to

search was obtained from a third party who possessed, authority over the vehicle. The leading case of <u>United States v. Matlock</u>, 415 U.S. 164 (1974), holds that the state may show that permission to search was obtained from a third party who possessed authority to the premises or effects sought to be inspected. This federal case was followed by <u>State v. Libby</u>, 546 A.2d 444 (Me. 1988). The <u>Libby</u> court held that a finding of consent under <u>Matlock</u> focuses on whether the third person giving consent has sufficient authority of control in his/her own right over the premises.

At the hearing there was no evidence presented by the state on this issue except the mere fact that the person giving consent was the wife of the defendant. The evidence also indicated that the vehicle was owned and registered solely in the defendant's name. There was no evidence presented as to her use, access, or other indication of authority over the vehicle. There was no evidence of whether or not they were living together, whether she used the vehicle, and whether he had allowed her access to the vehicle. The evidence indicates that there was a domestic dispute and that he was distraught over the fact that she had just told him that she wanted a divorce. She called the police not for the purpose of having him arrested, but for the fact that he had threatened to kill himself. There is no other evidence as to the relationship between the parties and the access to the vehicle in question.

Based on the above, the court finds that the state has failed to carry its burden, by a preponderance of evidence, to prove that

the wife had common authority over the vehicle.  The defendant's Motion to Suppress any items found within the vehicle following the search after the wife's consent is hereby GRANTED.

DATED:   June 19, 2002

Joseph M. Jabar
Justice, Superior Court

STATE OF MAINE
    vs
RAY A TINGLEY
RR 1 BOX 3515
SOLON ME 04979

SUPERIOR COURT
SOMERSET, ss.
Docket No   SKOSC-CR-2001-00076

# DOCKET RECORD

DOB: 03/05/1962
Attorney: DAVID SANDERS
          PO BOX 271
          LIVERMORE FALLS ME 04254
          RETAINED 02/23/2001

State's Attorney: JAMES MITCHELL

Filing Document: INDICTMENT
Filing Date: 02/23/2001

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   OPERATING UNDER THE INFLUENCE          11/30/2000 SOLON
    29-A   2411(1)                Class C
    CUNNINGHAM              / SOM

2   POSSESSION OF FIREARM BY FELON         11/30/2000 SOLON
    15      393                  Class C
    CUNNINGHAM             / SOM

## Docket Events:

02/23/2001 FILING DOCUMENT - INDICTMENT FILED ON 02/23/2001

02/23/2001 ATTORNEY - RETAINED ENTERED ON 02/23/2001

          Attorney:  DAVID SANDERS
          ATTORNEY FOR PARTY 002 DEFENDANT
02/23/2001 Charge(s):  1,2
          HEARING - ARRAIGNMENT SCHEDULED FOR 03/05/2001 @ 8:30

          NOTICE TO PARTIES/COUNSEL
02/27/2001 Charge(s):  1,2
          HEARING - ARRAIGNMENT NOTICE SENT ON 02/27/2001

03/01/2001 Charge(s):  1,2
          TRANSFER - BAIL AND PLEADING GRANTED ON 02/23/2001
          DOUGLAS A CLAPP , JUDGE
          COPY TO DISTRICT COURT
03/01/2001 Charge(s):  1,2
          TRANSFER - BAIL AND PLEADING RECVD BY COURT ON 03/01/2001

          DISTRICT COURT DOCKET CR-00-2280
03/01/2001 BAIL BOND - CASH BAIL BOND FILED ON 03/01/2001

          Bail Receipt Type: CR
          Bail Amt: $5,000
                              Receipt Type: CK
          Date Bailed: 12/01/2000    Prvdr Name: KATHLEEN  TINGLEY
                              Rtrn Name: KATHLEEN  TINGLEY

Printed on: 06/20/2002